SMITH, Plaintiff-Appellant, v. HOME ECHO CLUB et., Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3659. Decided December 31st, 1943.

Robert H. Huffman, Columbus, for plaintiff-appellant.

Ray E. Hughes, Columbus, for defendant-appellee, Home Echo Club.

Thos. J. Herbert, Atty. Gen'l., and Richard C. Gerken, Asst. Atty. Gen'l., Cols., for other defendants-appellees.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law and fact from a judgment of the trial court denying plaintiff the relief prayed for on the first cause of action of her amended petition as to all the defendants and dismissing the petition as to all defendants except the Home Echo Club.

The plaintiff by her second amended petition sought to enjoin the defendant, the Home Echo Club, from completing the building then in the process of construction on the premises known as 215 Hamilton Avenue, Columbus, and enjoining said Club from maintaining and operating a rest home or hospital for the aged and infirm at said location and enjoining the other defendants from issuing to the Home Echo Club a license to operate a rest home, convalescent home or boarding home for the aged or mentally or physically infirm at said location.

The cause was tried to Judge Gessaman of the Common Pleas Court upon hearing and extended testimony and in this Court original testimony has been taken on behalf of the plaintiff and defendant, the Home Echo Club. This latter testimony supports and refutes the claim that plaintiff's premises have been depreciated in value by reason of the erection of the building at 215 Hamilton Avenue, Columbus, and because of the method of the operation of said building. Part of the

evidence offered originally in this Court by the plaintiff relates to the conduct of the inmates of the building at 215 Hamilton Avenue tending to establish a nuisance.

We have analyzed the issues joined in this case, the legal questions presented for determination and the evidence and find that there has been no substantial difference, except upon the value of the premises, in factual development in this Court from that adduced in the Common Pleas Court.

The testimony as to the acts of the inmates of the new building is, if true, most annoying and they should be abated. However, all these acts occurred subsequent to the filing of the petition and amended petition and it does not appear that the plaintiff brought them at any time to the attention of the Superintendent of the Home Echo Club, nor has any supplemental petition been filed. Sec. 11368, GC. So that, if all other essentials of proof were made, as they are not, then the isolated instances to which we refer would not in the situation here presented support injunctive relief.

Upon the new evidence as to diminution of value of the property under consideration and the testimony contra thereto, we are not satisfied that any marked decrease in value of plaintiff's premises has occurred, and, if it has, it does not appear that it is irreparable, nor that it has been produced by any violation of law by the defendant, the Home Echo Club.

As briefly as possible we discuss some phases of the factual situation and the law upon which counsel dwell in their respective briefs.

This action was instituted after the building at 215 Hamilton Avenue was in process of erection, but before its completion, and at a time when there was no occupancy. The permit to erect the building according to plans and specifications was approved by the proper authority and, although there was considerable difficulty in several respects relating to construction of the building, it progressed and at the time of the trial in this Court the building was operating under temporary authorization of the Department of Public Safety, Division of Building Regulations. The application for the building permit was to build a two-story, concrete block, brick front dormitory. The defendant Club has for many years operated an establishment at 209 Hamilton Avenue, City of Columbus, and there has housed and cared for a number of aged pensioners, together with occupants of other classes. At the time of the trial in the Common Pleas Court and at the time of the presentation of the cause in this Court, the defendants had on file with the Chief of the Division of Aid for the Aged, De-

partment of Public Welfare, State of Ohio, an application for license to operate a rest home under §§6289-1 to 6289-11 GC, and much of the testimony relates to this license, whether or not it included the new building at 215 Hamilton Avenue.

There was before the Common Pleas Court some testimony relating to the operation of the Home at 209 Hamilton Avenue which tended to establish a nuisance, but that cause of action, namely, the first of the amended petition which related particularly to the operation of the Home at 209 Hamilton Avenue, was in another cause of action which was not passed upon and which is not urged or discussed on this appeal.

There is some averment to effect that there was a violation of the state law, in that the new building was located within five feet of an adjoining lot line, but the evidence does not support this allegation.

We do not propose to restate the authorities controlling this case, but are satisfied that those cited by Judge Gessaman are in point and controlling.

If it were at all vital to a determination of any controlling question in this case, it would not be difficult to hold that, at this time, there is pending with the Division of Aid for the Aged an application to operate both buildings, namely, 209 and 215 Hamilton Avenue, as a rest home. Even so, it is not to be presumed that the head of the Department of Aid for the Aged, charged with the responsibility of determining the suitability and fitness of the buildings for a rest home, will not do his full duty as to the issuance of a license to operate a rest home therein. Obviously, if courts are to step in and act upon questions which are primarily for the determination of administrative boards, then the power and authority of these boards is completely taken away and the courts will be administering the law instead of these boards.

Much of the testimony and considerable of the argument in the briefs is directed to the claim that the defendant Club is attempting to mislead the public officials, with whom it has dealt and who have the power to grant the authority to operate the new building. If this also be granted it must be observed that there is no averment or proof that these public officials propose to abuse their authority or that they are about to act illegally, fraudulently or in an arbitrary or unfair manner. So that, much of the subject matter of this phase of the case is immaterial. No principle is better established in the law than that injunction may not be employed to control the discretion of public officials, 29 Am. Jur. 359.

Much stress is laid upon the proposition that the building at 215 Hamilton Avenue and the use thereof is in violation of the Zoning Ordinance of the City of Columbus, Section 715, and particularly (4) of the specified uses which are permissible in an apartment house district. The section is as follows:

"Section 715. **Apartment House District.** In an apartment house district no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for other than a use permitted in a dwelling house district or for one or more of the following specified uses:

1. * * *
2. * * *
3. * * *
4. Philanthropic or eleemosynary use or institution other than a penal or correctional institution. Hospital or sanitarium other than for the insane feeble minded, epileptics, or drug or drink addicts, provided no part of such building is located within 30 feet of any lot line other than a street or alley line of the property occupied by such use."

Judge Gessaman properly pointed out in his opinion that "violation of the building code of a city by one proprietor does not create a civil liability in favor of his neighbor who claims to be injured thereby". 21 O. Jur, 1117; Board of Trustees of the Second Church of Christ Scientist v Tipling, 17 O. C. C. (N. S.) 117. However, an examination of the subject matter of the provisions of (4) of Section 715 of the Zoning Ordinance is convincing that the proviso, "that no part of such building shall be located within thirty feet of any lot line," etc., has no application to the facts developed in the instant case. The plaintiff does not ground her action upon an averment that the establishment to be carried on at 215 Hamilton Avenue is a philanthropic or eleemosynary use or institution. She apparently sought to establish that it was a hospital, but there is no proof to support this allegation. It is indeed doubtful if any issue was made if the building here under consideration is a philanthropic or eleemosynary institution. The only testimony on the subject was developed upon the examination of Carrie Stewart who was called for cross-examination and at one place in her testimony said that the Home Echo Club was a corporation organized not for profit.

If it be conceded that the new building is a philanthropic or eleemosynary institution, it is not required that it be located

more than 30 feet from any lot line. That part of (4) in which is found "philanthropic or eleemosynary use or institution" is a separate sentence from that succeding in which is found the language "hospital or sanitarium", etc., and "such building" in the proviso relates to a hospital or sanitarium and not to a philanthropic or eleemosynary institution. Such construction of (4) of the section is not only grammatically correct, but it is in keeping with the spirit and meaning of the context of the section.

The reply brief states: "If this injunction is denied, the defendant will immediately use the new building as a rest home for the aged and physically infirm, with all of its attendant results, namely, the housing of senile, chronically ill, mental, bedfast, paralytic and tubercular patients, within 7 feet of plaintiff's residence." The proof of this statement, as relates to the use of the new building, is not made upon the record and certainly it cannot be inferred from the fact, if true, that the defendant has in the past so conducted the rest home at 209 Hamilton Avenue. It does not follow that because persons are aged that they are senile, nor does it appear that it was the practice to house chronically ill patients, nor mental, bedfast, paralytic or tubercular patients, either in the new or the old building.

As we have heretofore indicated, there is proof in the record of a few instances of conduct of the inmates in the new building which, if recurring and continuous would constitute a nuisance, but this alone without more would not support the harsh remedy of injunction. The principle controlling is that equity will not intervene to enjoin acts which may or may not become a continuing nuisance, depending upon the use or manner of the operation of the building.

The purpose of the Home Echo Club is worthy and the class of people to whom it ministers makes it difficult to maintain at all times the highest sanitary, health and aesthetic standards, and it is altogether probable that such a home, properly managed, may normally decrease values in the vicinity, but the use appearing is not illegal or improper in itself and is not that type of offense which will support injunctive relief.

The judgment in this Court will be the same as in the trial Court.

BARNES, P. J., and GEIGER, J., concur.